# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Antonio Jacobs, ) | |
| ) | Civil Action No.: 5:19-cv-03440-JMC |
| v. ) | **ORDER** |
| ) | |
| Warden Nelson. ) | |

Petitioner Antonio Jacobs has filed a *pro se*[1] Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Currently before the court is Respondent Warden's Motion for Summary Judgment. (ECF No. 32.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. In September 2020, the Magistrate Judge issued a Report and Recommendation ("Report") suggesting the court grant Respondent's Motion for Summary Judgment. (ECF No. 47.) Petitioner filed Objections to the Report. (ECF No. 52.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and adopts the findings therein (ECF No. 47) and **GRANTS** the Motion for Summary Judgment (ECF No. 32).

## I.    RELEVANT BACKGROUND

In October 2014, Petitioner was indicted in South Carolina state court for possessing marijuana with the intent to distribute it and trafficking cocaine. (ECF No. 47 at 1-2.) The evidence

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

against Petitioner included at least three controlled narcotics buys from him using a confidential informant and various narcotics recovered after a search of Petitioner's residence, including "twenty grams of powder cocaine, nine grams of crack cocaine, an unidentified amount of marijuana, and various paraphernalia consistent with the sale of drugs[.]"[2] (*Id.* at 2.) Petitioner eventually entered into a negotiated guilty plea and the trial court sentenced him to twenty-two years of imprisonment. (*Id.*) "Petitioner did not file a direct appeal." (*Id.*)

In October 2015, Petitioner filed a Post-Conviction Relief ("PCR") Application alleging ineffective assistance of counsel for failing to advise Petitioner of key information related to his charges, and that counsel's deficient assistance essentially made Petitioner's guilty plea involuntary. (*Id.* at 3.) He further brought claims regarding subject matter jurisdiction and a defective indictment. (*Id.*) Ultimately, "[t]he PCR court denied and dismissed Petitioner's PCR Application with prejudice[.]" (*Id.*) When subsequently petitioning for a writ of certiorari, Petition's appellate counsel brought one claim: "Whether plea counsel was ineffective in failing to give petitioner correct sentencing advice?" (*Id.* at 10.) "Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. Petitioner [then] filed a *pro se* brief raising" numerous other grounds. (*Id.* at 11.) The Supreme Court of South Carolina transferred the writ to the South Carolina Court of Appeals, which subsequently denied the writ. (*Id.*)

In December 2019, Petitioner filed the Petition before the court under § 2254. (ECF No. 1.) Petitioner stated twenty grounds to support his Petition:

> Ground One: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States

---

[2] Petitioner also apparently had five prior drug convictions at the time of his indictment for the instant offenses. (ECF No. 47 at 2.)

2

Constitution where trial counsel failed to place the State's case to a meaningful adversarial test.

Ground Two: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where trial counsel failed to request a continuance, where counsel's communication with Mr. Jacobs about his case was brief.

Ground Three: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where trial counsel failed to file a timely notice of appeal

Ground Four: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to have the State present all exculpatory evidence they planned to use against him.

Ground Five: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to advise him that, under his 5th Amendment right and South Carolina statute § 17-19-10, that he did not have to answer to any crime whether "it be capital or infamous unless on a presentment of indictment of a legal grand Jury."

Ground Six: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where trial counsel failed to have Detective Martin produce alleged audio and video recordings of controlled purchase.

Ground Seven: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fourth, and Fourteenth Amendments to the United States Constitution where trial counsel advised Mr. Jacobs to take a plea knowing he had not seen the audio and video recordings.

Ground Eight: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fourth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to attack the credibility of the confidential informant.

Ground Nine: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to address how detectives never seized any bond money on alleged buys and arrest date April 10th, 2014, which could have been argued at trial to discredit confidential information and Detective Martin's supplementary report failing to utilize this evidence.

Ground Ten: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to request all Rule 5 and 6 evidence favorable to his case, prior to the plea.

Ground Eleven: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to provide petitioner with alleged crime scene photos that were a part of his Rule 5 and 6 motion for discovery.

Ground Twelve: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fourth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to attack fruitless search warrant which failed to establish a substantial basis of knowledge for a finding of probable cause.

Ground Thirteen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where trial counsel failed to address that the State lacked jurisdiction to convict Mr. Jacob's of "Possession with Intent to distribute marijuana 3rd offense," where bill of indictment does not sufficiently state the level of offense in the language, the statute, or in the body of the indictment with certainty.

Ground Fourteen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where counsel failed to advise him to withdraw guilty plea where indictment charging "Possession with intent to distribute marijuana" did not sufficiently state level of offense to independently place him on notice.

Ground Fifteen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fourth, and Fourteenth Amendments to the United States Constitution where counsel failed to inform the court at the preliminary hearing that he did not receive any incoming mail at alleged apartment, nor was his name on any utility bills.

Ground Sixteen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to demand Detective Martin produce cellphone records mentioned in supplementary report, where unproduced evidence could have discredited confidential informant's statement.

Ground Seventeen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution where counsel failed to address the court that Mr. Jacobs had not been indicted within the 90 day period required.

>    Ground Eighteen: Did the trial court lack subject matter jurisdiction to accept Mr. Jacobs' guilty plea to his unindicted charge of Trafficking Cocaine, 2nd Offense because trial counsel never informed him of his right to waive presentment to the Grand Jury, where area on indictment isn't signed, and has never pled guilty to Trafficking 1st Offense.
>
>    Ground Nineteen: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to properly advise his client of the consequences of a guilty plea, discuss potential defenses and elements of charges, and the evidence against him.
>
>    Ground Twenty: Mr. Jacobs was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to withdraw the plea involuntarily entered due to Petitioner's concerns that his mother would be charged if he didn't plead guilty.

(ECF No. 47 at 11-14.)

In June 2020, Respondent filed the instant Motion for Summary Judgment, seeking summary judgment based on the pleadings. (ECF No. 32.) Petitioner filed a Response (ECF No. 42), to which the Warden replied (ECF No. 43). Petitioner then filed a Sur Reply. (ECF No. 44.)

The Magistrate Judge issued the Report in September 2020, recommending the court grant Respondent's Motion for Summary Judgment. (ECF No. 32.) The Magistrate Judge began by examining Petitioner's ineffective assistance claims in Ground 1 for failing to prepare for trial; Ground 19 for failing to "advise Petitioner of the consequences of his guilty plea, and to discuss with Petitioner the potential defenses, the elements of the pending charges, and the evidence against him"; and Ground 20 for failing "to withdraw his guilty plea that was involuntarily entered into due to Petitioner's concern that his mother would be charged if he did not plead guilty." (*Id.* at 24.) The Magistrate Judge observed that the PCR court thoroughly explained why it dismissed Petitioner's ineffective assistance claims, including because defense counsel's testimony was more credible during the PCR hearing than Petitioner's. (*Id.* at 28-29.) The Magistrate Judge concluded the PCR court did not unreasonably apply *Strickland* or other precedent from the Supreme Court

5

of the United States in reaching its conclusion, and that Petitioner failed to demonstrate the PCR court reached an unreasonable factual determination.[3] (*Id.* at 30-33.)

Next, the Magistrate Judge turned to the remaining Grounds 2 through 18. The Magistrate Judge decided to examine these Grounds despite such claims being procedurally barred. (*Id.* at 33-34.) The Magistrate Judge began by noting that Grounds 2, 4 through 12, and 15 through 17 required dismissal because they did "not attack the validity of the underlying guilty plea, but instead appear[ed] to challenge . . . [defense counsel's] representation . . . before Petitioner entered his guilty pleas." (*Id.* at 34.) For Ground 3, the Magistrate Judge found Petitioner "failed to allege sufficient facts" to support the claim that defense "counsel failed to advise Petitioner of his right to appeal or his ability to withdraw the plea." (*Id.* at 35.) Finally, for Grounds 13, 14, and 18, the Magistrate Judge explained these claims were "based solely on a matter of state law and [we]re not cognizable in this action." (*Id.*)

## II.    JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 Habeas Petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    LEGAL STANDARD

A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[3] The Magistrate Judge also noted that several of Petitioner's claims for ineffective assistance were not raised in the Petition or before the PCR court, and thus were not properly before the court. (ECF No. 32 at 30 n.4, n.5.)

court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

  B. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable

7

jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

### C. Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### D. Procedural Default

A petitioner's failure to raise in state court a claim asserted in his § 2254 petition "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state

8

remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Walker v. Martin*, 562 U.S. 307, 315–16 (2011). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford*, 548 U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 744-51).

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S. at 750). "In *Coleman*, . . . the Supreme Court held that . . . a federal habeas 'petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings to establish cause.'" *Fowler v. Joyner*, 753 F.3d 446, 460 (4th Cir. 2014) (quoting

9

*Coleman*, 501 U.S. at 752). Subsequently, in *Martinez*, the Supreme Court recognized a "narrow exception" to the rule stated in *Coleman* and held that, in certain situations, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. The Fourth Circuit has summarized the exception recognized in *Martinez* as follows:

> [A] federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim;" and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler*, 753 F.3d at 461 (internal brackets omitted) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

In the alternative to showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, *e.g.*, actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327-28 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

## IV.  ANALYSIS

A party's objection to a magistrate judge's report must generally be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a

10

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

Petitioner brings a number of contentions in his Objections to the Report. (*See* ECF No. 52.) He repeats his claim that his plea was not "knowing, voluntary, or intelligent." (*Id.* at 1.) He insists he previously argued that defense counsel "failed to put [the] State's case to the full adversarial test."[4] (*Id.* at 2.) Likewise, Petitioner stresses he previously challenged the search warrant.[5] (*Id.*) He further seems to seek suppression of the fruits of the search warrant because one officer "appeared before [the state] magistrate [judge], but [another officer] . . . signed [the] warrant and never [p]articipated in the search. (*Id.* at 4.) In the same vein, he alleges the search warrant relied on stale and false information. (*Id.* at 5-6.) Petitioner also challenges the Report's finding that "the PCR court did not specifically address Petitioner's ineffective assistance of counsel claims related to challenges to the search warrant, the underlying factual support for his plea and sentences on the PWID marijuana and cocaine charges, and prior plea offers." (*Id.* at 6.) He similarly points to numerous purported errors with his sentencing and guilty plea. (*Id.* at 6-12.)

---

[4] As part of his bundle of objections to the Report's ineffective assistance findings, Petitioner also appears to claim the state trial judge erred during sentencing. (*See* ECF No. 52 at 1.)
[5] The Magistrate Judge noted that Petitioner had not specifically alleged a false statement was in the search warrant affidavit in the Petition. (ECF No. 47 at 30.)

Here, the court overrules Petitioner's objections. The court finds many of these objections amount to general contentions with the Report's findings, and merely repeat claims the Magistrate Judge properly considered and addressed. Moreover, some objections rely on mischaracterized findings in the Report. For instance, despite Petitioner's insistence to the contrary, the record demonstrates the PCR court did not examine or address "Petitioner's ineffective assistance of counsel claims related to challenges to the search warrant, the underlying factual support for his plea and sentences on the PWID marijuana and cocaine charges, and prior plea offers."[6] (ECF Nos. 31-1 at 109-117; 47 at 30 n.4.) Indeed, the PCR court's order dismissing Petitioner's application explicitly stated that Petitioner only proceeded on his claims regarding defense counsel's alleged failure to properly advise Petitioner, and Petitioner's involuntary guilty plea.[7] (ECF No. 31-1 at

---

[6] Petitioner argues his "challenges to the search warrant" were preserved in part because the PCR court—when observing "the overwhelming evidence against" Petitioner—noted that law enforcement used a confidential informant to conduct controlled narcotics buys with Petitioner. (ECF No. 30-1 at 115-116.) Petitioner then points out that Ground 8 in his Petition alleges that defense "counsel failed to attack the credibility of the confidential informant." (ECF No. 47 at 12.) It therefore appears Petitioner believes the PCR's mention of a confidential informant, coupled with the language of Ground 8 in the Petition, is sufficient to properly bring this matter before the court. However, this contention is without merit. Petitioner's use of misguided reasoning and mischaracterized findings is similarly present in other of his objections, and is simply insufficient to successfully challenge the Report.

[7] Specifically, the PCR court asserted that Petitioner only proceeded on the following grounds at the evidentiary hearing:

    1. Failure to Properly Advise Client
        a. Failure to Advise
            i. Counsel failed to advise Applicant of the consequences of his guilty plea
            ii. Counsel failed to advise [or] discuss potential defenses and elements of charges
            iii. Counsel failed to advise Applicant on the evidence against Applicant
        b. Failure to Adequately Prepare for Trial

    2. Involuntary guilty plea

110.) Lastly, the court notes that other objections of Petitioner's are either irrelevant, non-specific, improperly before the court, or speculative. Petitioner's objections are therefore overruled. The court finds no clear error on the face of the record and accordingly accepts the Report, adopts the findings therein, and grants the Motion for Summary Judgment.

## V.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Respondent's Motion for Summary Judgment. (ECF No. 32.) The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 47) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 10, 2021
Columbia, South Carolina

---

a. Plea was involuntarily entered due to Applicant's concerns that his mother would be charged if he didn't plead guilty

(ECF No. 31-1 at 109-110.)